PATRICK MEDIA GROUP, INC., APPELLANT, *v.* CLEVELAND BOARD OF ZONING APPEALS ET AL., APPELLEES.

(No. 54436—Decided October 17, 1988.)

*David B. Gallup* and *Matthew A. Zidar,* for appellant.

*Marilyn G. Zack,* law director, and *James P. Mancino,* for appellees.

MARKUS, J. The city's Board of Zoning Appeals denied the plaintiff advertiser's request for a variance. Thereafter, the advertiser attempted to appeal that ruling to the common pleas court. The common pleas court dismissed that appeal for lack of jurisdiction, ruling that the advertiser failed to perfect its appeal properly. On the advertiser's further appeal to this court, we affirm the trial court's order.

R.C. 2506.01 authorizes an appeal from the city zoning board to the common pleas court, in accordance with procedures established by R.C. Chapter 2505. Applicable provisions in Chapter 2505 include the following:

R.C. 2505.03:

"(A) * * * [W]hen provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas * * *.

"(B) Unless, in the case of an administrative-related appeal, Chapter 119. or other sectons of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court."

R.C. 2505.04:

"An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved * * *. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

R.C. 2505.07:

"After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal

shall be perfected, unless otherwise provided by law, is thirty days."

Thus, the advertiser had to file his notice of appeal with the board of zoning appeals within thirty days after the order it challenged. In fact, the advertiser filed its notice of appeal with the common pleas court twenty-four days after the zoning board's adverse ruling. On the same day, the advertiser mailed a copy of its notice of appeal to the city's law director.

However, the advertiser did not mail a copy to the city board of zoning appeals, nor otherwise file it with that board. Twelve days after the advertiser filed its notice of appeal with the common pleas court, the city moved to dismiss the appeal. The city supported its motion with an affidavit from the Secretary of the Board of Zoning Appeals stating that appellant had filed no notice of appeal with the board. The advertiser does not dispute that statement.

Instead, the advertiser argues that service on the city's law director satisfied its obligation to file the notice with the board. It contends that notice to the law director is notice to the board, since the law director represents the board. However, the statute requires an appellant to file the notice of appeal with the board itself. Cf. *Jacobs* v. *Marion Civil Service Comm.* (1985), 27 Ohio App. 3d 194, 195-196, 27 OBR 233, 235, 500 N.E. 2d 321, 323. While the law director can serve as the zoning board's counsel, she acted here as the city's attorney in a dispute before the board as a tribunal. Service on the adverse counsel did not satisfy R.C. 2505.04. Cf. *Holley* v. *Gallipolis Developmental Ctr.* (Aug. 17, 1984), Gallia App. No. 83 CA 7, unreported (applying R.C. 119.12).

To the extent that R.C. 2505.04 has any ambiguity, R.C. 2505.03 directs us to apply the appellate rules and to treat the board as a trial court. Manifestly, an appellant could not appeal from a trial court to this court by mailing the notice to the prosecutor who serves as that court's counsel.

Accordingly, we overrule the advertiser's single assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

PATTON, P.J., and NAHRA, J., concur.