YOUNG ISRAEL OF BEACHWOOD et al., Appellants,

v.

CITY OF BEACHWOOD et al., Appellees.

[Cite as *Young Israel of Beachwood v. Beachwood* (2000), 138 Ohio App.3d 89.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 76217 and 76232.

Decided June 6, 2000.

*Grendell & Associates Co., L.P.A.*, and *Timothy J. Grendell*, for appellants.

*Margaret Ann Cannon*, Law Director; *Levey & Gruhin* and *Harold L. Levey*, for appellees city of Beachwood et al.

*Murman & Associates* and *Michael E. Murman*, for appellee Beachwood Board of Zoning Appeals.

KENNETH A. ROCCO, Judge.

These consolidated appeals challenge a common pleas court order reversing a decision of the city of Beachwood Board of Zoning Appeals ("BZA") to grant a use variance. We conclude that the common pleas court lacked jurisdiction over the appeal from the BZA's decision; therefore, we vacate the common pleas court's decision and remand with instructions for the court to dismiss this action.

## PROCEDURAL HISTORY

The procedural history relevant to our decision is extremely limited. Phyllis and Jack Keller filed a notice of appeal with the clerk of the common pleas court on May 22, 1998, challenging the BZA's April 28, 1998 decision. On May 22, 1998, the Kellers' counsel also mailed the following letter to the Secretary of the BZA, the chairman of the BZA, and counsel for the BZA:

"Dear Sir/Madam:

"Enclosed please find a time-stamped copy of the following which have been filed this date with regard to the above captioned matter:

"1. Notice of Appeal from the City of Beachwood Board of Zoning Appeals, Number BZA 98–B; and

"2. Praecipe.

"Please note that these items differ from those documents hand-delivered to you this morning, in that the CAPTION ONLY has been changed to reflect the address of the parties. Thank you for your attention to this matter.

"Very truly yours,

"Harold L. Levey"

The city of Beachwood and intervenors Young Israel of Beachwood, Ivan Soclof, and Jewish Community Federation separately moved to dismiss the appeal before the common pleas court, claiming, among other things, that the court lacked subject matter jurisdiction because the notice of appeal was not filed with the BZA. The court overruled both motions, without opinion.

The common pleas court entered judgment reversing the decision of the BZA on March 18, 1999. Both the city and the intervenors timely appealed this ruling, and their appeals were consolidated before this court.

## LAW AND ANALYSIS

R.C. 2506.01 permits the common pleas court to review "[e]very final order, adjudication or decision of any * * * board * * * or other division of any political

subdivision of the state * * * as provided in Chapter 2505. of the Revised Code, except as modified by this chapter." R.C. 2505.04 provides the procedure for perfecting such an appeal:

"An appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative * * * board * * *. [N]o step required to be taken subsequent to the perfection of the appeal is jurisdictional."

"[T]he period of time within which the appeal shall be perfected * * * is thirty days." R.C. 2505.07.

Pursuant to these provisions, the Kellers had to file their notice of appeal with the BZA within thirty days after the challenged order. Instead, they filed their notice of appeal with the common pleas court within the allotted time. They never filed a notice of appeal with the BZA, although they served a copy on its secretary, counsel, and chairman.

The common pleas court lacked jurisdiction and should have dismissed the Kellers' appeal. *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals* (1988), 55 Ohio App.3d 124, 562 N.E.2d 921; *Hirt's Greenhouse, Inc. v. Strongsville* (Sept. 7, 1995), Cuyahoga App. No. 68374, unreported, 1995 WL 527408. Accordingly, we vacate the common pleas court's judgment and remand with instructions to dismiss. This court lacks jurisdiction to address the remainder of appellants' assignments of error and dismisses them.

Vacated and remanded with instructions.

*Judgment accordingly.*

ANN DYKE, A.J., and PATTON, J., concur.