**VALLEY ROAD PROPERTIES, Appellant,**

v.

**CITY OF CLEVELAND, Appellee.**

[Cite as *Valley Rd. Properties v. Cleveland* (2001), 141 Ohio App.3d 418.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78135.

Decided March 5, 2001.

---

*Zashin & Rich* and *Jonathan A. Rich,* for appellant.

*Dennis A. Matejka,* Assistant Law Director, for appellee.

FRANK D. CELEBREZZE, JR., Judge.

Appellant, Valley Road Properties, appeals from the judgment issued by the Cuyahoga County Court of Common Pleas, granting a motion to dismiss filed by appellee, the city of Cleveland.

On March 15, 2000, appellant filed in the Cuyahoga County Court of Common Pleas a complaint and a notice of appeal from the decision of the Cleveland Board of Zoning Appeals ("BZA"), which affirmed the Cleveland Division of Building and Housing's decision to refuse to grant appellant a change of use permit for its property located at 3926 Valley Road, Cleveland, Ohio. On March 24, 2000, appellant filed an amended notice of appeal in the Cuyahoga County Court of Common Pleas. Appellant forwarded a copy of its complaint, notice of appeal, and amended notice of appeal to the Secretary of the BZA on April 6, 2000.

On April 17, 2000, appellee filed a motion to dismiss appellant's amended notice of appeal on the grounds that appellant had failed to comply with the jurisdictional requirements set forth in R.C. 2505.04 for filing an administrative appeal. On May 16, 2000, the trial court granted appellee's motion to dismiss. From that judgment, appellant assigns the following error:

"The trial court erred in dismissing the appellant's amended notice of appeal."

In appellant's sole assignment of error, it contends that the trial court improperly dismissed its amended notice of appeal because it complied with R.C. 2505.04 by sending to the Secretary of the BZA a copy of the amended notice of appeal that had been filed in the court of common pleas.

R.C. 2506.01 gives courts of common pleas the authority to review "[e]very final order, adjudication or decision of any * * * board * * * or other division of any political subdivision of the state * * * as provided in Chapter 2505. of the Revised Code, except as modified by this chapter." R.C. 2505.04 governs the

procedure for perfecting such an appeal and provides that "[a]n appeal is perfected when a written notice of appeal is filed * * *in the case of an administrative-related appeal, with the administrative * * * board * * *." R.C. 2505.07 provides that "the period of time within which the appeal shall be perfected * * * is thirty days."

The facts in the instant case are identical to the facts of a case recently decided by the Eighth Appellate District. In *Young Israel of Beachwood v. Beachwood* (2000), 138 Ohio App.3d 89, 740 N.E.2d 349, this court held that sending a copy of a notice of appeal improperly filed with the court of common pleas to a board of zoning appeals does not vest a court of common pleas with jurisdiction to hear an administrative appeal. This court stated:

"Pursuant to [R.C. 2505.04 and 2505.07], [appellants] had to file their notice of appeal with the BZA within thirty days after the challenged order. Instead, they filed their notice of appeal with the common pleas court within the allotted time. They never filed a notice of appeal with the BZA, although they served a copy on its secretary, counsel, and chairman.

"The common pleas court lacked jurisdiction and should have dismissed the Kellers' appeal. *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals* (1988), 55 Ohio App.3d 124, 562 N.E.2d 921; *Hirt's Greenhouse, Inc. v. Strongs-ville* (Sept. 7, 1995), Cuyahoga App. No. 68374, unreported, 1995 WL 527408."

Because appellants did not file a separate notice of appeal with the BZA, the court of common pleas did not err by dismissing appellant's appeal. Appellant's sole assignment of error is overruled.

For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JAMES J. SWEENEY, J., concurs.

KARPINSKI, A.J., dissents.

KARPINSKI, Administrative Judge, dissenting.

I respectfully dissent.

I realize that the majority, along with the trial court, is following a precedent established many years ago by this court. In fact, I also signed off on an opinion following this precedent. I have come to believe, however, that the position of this court should be reversed because it imposes an unnecessarily restrictive reading of R.C. 2505.04. Moreover, the Second District has a decision clearly in conflict.

R.C. 2505.04 reads as follows:

"An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."

No one denies that this statute lays out requirements that are jurisdictional. No one disputes that a copy of the notice of appeal in this case was timely sent to the proper party. The issues are (1) whether the statutory language requires that the Board of Zoning Appeals receive the *original* of a notice of appeal and (2) whether a cover letter that describes a copy as a courtesy copy should be deemed a request for filing.

The Supreme Court of Ohio has given intermediate appellate courts general guidance on such matters. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 23 O.O.3d 210, 431 N.E.2d 644. Although *DeHart* did not discuss jurisdiction, the Supreme Court in another case specified that the verification requirement in a statute was nonjurisdictional. *Akron Std. Div. v. Lindley* (1984), 11 Ohio St.3d 10, 11 OBR 9, 462 N.E.2d 419. The court explained as follows:

"The lack of a verified signature in a reassessment petition does not prevent the attachment of jurisdiction by an otherwise satisfactory filing, since substantial compliance with the requirements of the statute has taken place. The verification requirement is to be distinguished from the requirement that a notice of appeal be filed within thirty days of assessment, and also from the requirement that the order of the commissioner be included in the notice of appeal. The latter two requirements are essential in that they run to the core of procedural efficiency. The thirty-day requirement is an appellate statute of limitations, while the inclusion requirement litigated in American Restaurant gives notice of the substance of the appeal. Failure to comply fully with either of these requirements properly leads to dismissal of the appeal, since substantial compliance has not occurred. * * * The verification requirement serves no such essential purpose, however, and thus is not a jurisdictional prerequisite." *Id.* at 12, 11 OBR at 10, 462 N.E.2d at 420–421.

I believe it follows that we are to read a requirement as jurisdictional only if the statute clearly requires it. No such requirement is clear in R.C. 2505.04.

Nothing in the statutory language specifies that the board must receive an original. At oral argument, board counsel claimed that because the statute used the word "written," an original signature must be on the document and therefore an original must be filed. This argument is self-defeating. If "written" means "handwritten" and therefore requires an original signature, then the requirement

must also refer to the entire document. Such an argument would lead to the absurdity that the entire document be handwritten. To avoid this absurdity, we must assume another meaning for "written." It would be more reasonable to conclude that "written" here is in contrast to "oral." In other words, the statute is denying only that a notice of appeal may be oral. That the document filed was not an original is not a jurisdictional matter. I can see no purpose in filing with the board except to give it notice. An original will not give the board any more notice. If the original is filed with the common pleas court, moreover, there can be no dispute that this document is in a safe place.

A second question is whether an error in the cover letter can impede the filing of notice. In a prior opinion, this court held that " '[s]ervice' of a notice of appeal is not tantamount to 'filing' a notice of appeal." *Hirt's Greenhouse, Inc. v. Strongsville* (Sept. 7, 1995), Cuyahoga App. No. 68374, unreported, at 3, 1995 WL 527408. Although I agreed with this decision in 1995, I now believe that appellant's mistake in his cover letter characterizing the document as a "service copy" is not jurisdictional. The board's receipt of the notice of appeal is the functional equivalent of receiving the document for filing.

In a *per curiam* decision, the Ohio Supreme Court found that timely mailing a copy of a notice of appeal to the zoning board satisfied the jurisdictional requirement, if there were no evidence it arrived late. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. In a discussion of the timing, the court defined "filed" as "actual delivery." The court clarified that "no particular method of delivery is prescribed by the statute." *Id.* at 204, 12 O.O.3d at 200, 389 N.E.2d at 1115. I believe that the same reasoning applies to this case. Delivery of the document constituted filing, no matter what the cover letter said. Since no cover letter was required, its deficiencies are not jurisdictional. The notice of appeal speaks for itself.

Thus I would follow the reasoning the Second Appellate District used in *Burton v. Ware* (Mar. 2, 1987), Green App. No. 86 CA 54, unreported, at * 3, 1987 WL 7506. In that case, appellant filed his complaint in the Greene County Common Pleas Court and served the *summons and complaint* upon the zoning inspector and five members of the BZA. The court held that "any form of such notice that effectively puts the administrative body on notice that an appeal is being taken, should suffice." Thus the court held that the complaint, which contained the words "[t]his is an administrative appeal of the decision by [BZA] * * *," along with a summons, adequately put BZA on notice that an appeal was being taken and appellant, therefore, in effect, filed his notice of appeal. The Second Appellate District saw the issue as meeting a functional test of putting the board on notice. I agree. In *Burton*, appellant did not even caption the document itself as a notice of appeal, but the court deemed it adequate. In the case at bar, on the other hand, the document was properly captioned a notice of

appeal; the only flaw was in the cover letter. Had there been no cover letter, however, the notice of appeal would presumably have been filed.

Cases throughout the state have challenged whether the notice of appeal may be filed with the township clerk. In those cases, the township clerk was deemed the functional equivalent to the BZA. *Barrick v. Harter* (June 30, 1986), Stark App. No. CA–6858, unreported, 1986 WL 238. The pattern in these cases is consistent with the Supreme Court's general rule encouraging courts to decide cases on the merits. The same analysis should be applied here.

There is an additional matter. In its letter announcing its decision, the BZA provided this incomplete, and therefore misleading, statement: "Any appeal from the final decision of the Board of Zoning Appeals must be filed in the Cuyahoga County Court of Common Pleas within thirty (30) days." It is quite disingenuous of the BZA to tell a prospective appellant that the appeal must be "filed" in court and then argue on appeal that it must also be filed with BZA and, further, that filing with the BZA requires an original. Nothing in the statute requires that an original be filed with a BZA. Neither the word "written" nor the word "filed" implies an original. Nor does the context of these words imply an original. At the least, the BZA should stop providing such misleading information.

I would certify a conflict between this case and Burton and encourage the Supreme Court to resolve the matter.