This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, the City of Brunswick, Ron and Sheila Skrzypek, Laurie and Kenneth Howe, Jill and David Raffert, and Karen and John Taylor, appeal the decision of the Medina County Court of Common Pleas, dismissing their administrative appeal pursuant to R.C. Chapter 2506 for lack of jurisdiction. We affirm.
On June 23, 1999, after conducting two hearings on the issue, the Brunswick Hill Township Board of Zoning Appeals ("BZA") approved a variance for the installation of a weather radar tower. The tower was to be installed on property located in Brunswick Hills Township, immediately adjacent to residential property in the City of Brunswick. The Skrzypeks, Howes, Rafferts, and Taylors reside in the City of Brunswick on property adjacent to where the weather radar tower was eventually erected. On August 25, 1999, the BZA held a meeting, during which it allowed public comment on the installation of the tower; however, no decisions were rendered at the meeting.
On August 31, 1999, the Skrzypeks and the City of Brunswick filed a complaint in the Medina County Court of Common Pleas against Raycom National, Inc., d.b.a. WOIO TV, Canel Cleveland Ltd. Partnership, d.b.a. WUAB TV,[1] the BZA, and Brunswick Hills Township,[2] setting forth two causes of action and seeking injunctive relief. On September 10, 1999, the plaintiffs, with leave of court, filed an amended complaint. The amended complaint added as plaintiffs several other individuals who reside in the vicinity of the radar tower, namely the Refferts, Howes, and Taylors (hereinafter all of the plaintiffs/appellants will be collectively referred to as the "Skrzypeks"). The amended complaint also included an administrative appeal of "the determination of the Brunswick Hills Township Board of Zoning Appeals of August 25, 1999, which affirmed meetings of May 26, 1999 and June 23, 1999[.]" On October 24, 2000, the common pleas court, upon proper motions, dismissed all of the Skrzypeks' claims for relief except the administrative appeal and set the matter for an evidentiary hearing, pursuant to R.C. 2506.03.
On February 2, 2001, the Skrzypeks again filed an "Amendment of Complaint and Notice of Appeal," in which they sought to "amend their Appeal to incorporate the May 26, 1999 and June 23, 1999 actions of the Brunswick Hills Township Board of Zoning Appeals[.]" Raycom opposed the Skrzypeks' proposed amendment, arguing that the Skrzypeks did not show good cause for and Raycom would be prejudiced by the late date and character of the amendment. On March 16, 2001, the common pleas court granted the Skrzypeks leave to file the February 2, 2001 amended notice of appeal and denied Raycom's motion to strike the February 2, 2001 amendment.[3]
On May 7, 2001, Raycom moved for summary judgment, and the Township moved to dismiss the administrative appeal. In both motions, the parties argued, inter alia, that the common pleas court lacked jurisdiction to entertain the R.C. Chapter 2506 appeal on several grounds. They contended, in part, that the Skrzypeks never filed the original notice of appeal with the BZA and, therefore, failed to meet that particular jurisdictional requirement for commencing an administrative appeal. See R.C. 2505.04. The Skrzypeks responded in opposition. On June 8, 2001, the common pleas court denied Raycom's motion for summary judgment; however, the Township's motion to dismiss remained pending.
Thereafter, Raycom filed a hearing brief, in which Raycom again raised the issue of whether the common pleas court had jurisdiction to hear the R.C. Chapter 2506 appeal. The common pleas court held an evidentiary hearing on the issues before it on June 14, 2001. On June 21, 2001, the common pleas court held that the Skrzypeks failed to comply with the notice requirements of R.C. Chapter 2505, as leaving copies of the notice of appeal at an unmanned police station and an unmanned fire station was insufficient to perfect such an appeal. The common pleas court, therefore, dismissed the administrative appeal for lack of jurisdiction. This appeal followed.
The Skrzypeks assert a single assignment of error for review:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING PLAINTIFFS'/APPELLANTS' ADMINISTRATIVE APPEAL."
The Skrzypeks aver that the common pleas court erred in dismissing their appeal for want of jurisdiction on the grounds that their appeal was not perfected under R.C. 2505.04. Specifically, the Skrzypeks argue that, pursuant to R.C. 2505.04, they perfected their appeal by sending a copy of the notice of appeal to the BZA's legal counsel and by leaving signed copies of the notice of appeal at an unmanned fire station and police station. We disagree.
R.C. Chapter 2506 governs administrative appeals of a final order, adjudication, or decision of a township board of zoning appeals.Grissinger v. LaGrange Zoning Bd. (Mar. 14, 2001), 9th Dist. No. 00CA007682. R.C. 2505.04 sets forth the procedure for perfecting such an appeal:
"An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."
Clearly, the filing of a notice of appeal with the administrative board under R.C. 2505.04 is essential to vesting the common pleas court with jurisdiction over the administrative appeal. Chapman v. Hous. AppealsBd. (Aug. 13, 1997), 9th Dist. No. 18166. If an administrative appeal is not so perfected, the common pleas court lacks jurisdiction, and the appeal must be dismissed. McMaster v. Akron Hous. Appeals Bd. (Aug. 12, 1992), 9th Dist. No. 15462; see, also, Young Israel of Beachwood v.Beachwood (2000), 138 Ohio App.3d 89, 91.
In the present case, the Skrzypeks argue that they perfected their appeal by leaving several signed copies of the notice of appeal at the Brunswick Hills Fire and Police Stations, which were unmanned at the time, and by serving a copy of the notice of appeal upon the BZA's legal counsel. The Skrzypeks rely upon Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, to support their arguments.
In Dudukovich, the Ohio Supreme Court considered whether an appellant had sufficiently complied with R.C. 2505.04 by mailing a copy of the notice of appeal by certified mail to the administrative body. Id. at 204. The court wrote that the term "filed" required actual delivery, but that no particular method of delivery was prescribed by R.C. 2505.04. Id. The court proceeded to state that "`any method productive of certainty of accomplishment is countenanced'" and that simply "`[b]ecause the manner of delivery is unusual does not make it illegal.'" (Citation omitted.) Id. The court then held that, as there was evidence in the record that the administrative body actually received the notice of appeal sent to the administrative body by certified mail, the R.C.2505.04 requirements had been met. Id. at 205.
Dudukovich, however, is clearly distinguishable from the present case. Unlike sending a copy of the notice of appeal to the administrative body via certified mail, leaving signed copies of the notice of appeal at an unmanned police station and fire station is not a method "`productive of certainty of accomplishment'" of delivery under the circumstances of this case. See id. at 204. We, therefore, find that simply leaving signed copies of the notice of appeal at an unmanned police station and an unmanned fire station in the township, without more, does not constitute filing or delivering the notice of appeal to the BZA, as is required by R.C. 2505.04. See, generally, Loveland Park Baptist Church v. DeerfieldTwp. (Dec. 26, 2000), 12th Dist. No. CA2000-03-032 (holding that personally delivering a notice of appeal to a person not authorized to receive such filings, who worked in the same building as the administrative body and who agreed to deliver the notice to the appropriate person, did not satisfy the requirements of R.C. 2505.04); see, also, Young Israel, 138 Ohio App.3d at 91. Additionally, this court has previously held that service of the notice of appeal upon an administrative body's legal counsel is insufficient to satisfy the jurisdictional requirements of R.C. 2505.04. McMaster, supra, citingPatrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals (1988),55 Ohio App.3d 124; see, also, Barensfeld v. Coventry Twp. Bd. of ZoningAppeals (Oct. 6, 1993), 9th Dist. No. 16109.
Based on the foregoing, we conclude that the Skrzypeks failed to perfect their administrative appeal, pursuant to R.C. 2505.04; therefore, the common pleas court correctly determined that it did not have jurisdiction and properly dismissed the administrative appeal. The Skrzypeks' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, P.J., CARR, J. CONCUR.
[1] Raycom National, Inc., d.b.a. WOIO TV, Canel Cleveland Ltd. Partnership, d.b.a. WUAB TV, will be collectively referred to in this decision as "Raycom."
[2] The BZA and Brunswick Hills Township will be collectively referred to in this decision as the "Township."
[3] This court has serious concerns about the propriety of granting the Skrzypek's motion to amend the notice of appeal under the circumstances of this case. See R.C. 2505.05.