DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Raymond Thrower ("Thrower"), appeals from the dismissal of his administrative appeal in the Summit County Court of Common Pleas. We affirm.
 I.
{¶ 2} On May 14 and 15, 2001, the Akron Health Department conducted mandatory inspections of Thrower's houses at 436 Lovisa St., 331-333 Parkwood Ave., 335 Parkwood Ave., and 882 Cordova Ave. in Akron, Ohio. The inspections revealed various violations of the Akron Environmental Health and Housing Code. The Health Department issued an order to comply by June 17, 2001, listing the corrections necessary to bring the properties into compliance with the housing code. On May 22, 2001, Thrower appealed the orders to the Akron Housing Appeals Board ("Board"), and a hearing was held before the Board on July 17, 2001. The Board subsequently denied his appeals by notice dated July 17, 2001.
{¶ 3} Thrower filed a notice of appeal with the Summit County Court of Common Pleas, pursuant to R.C. 2506.01, on August 14, 2001. The Board received a summons, along with a copy of the notice of appeal that had been filed with the court. Although the return receipt for the clerk of court's certified mailing indicates that the summons was received on August 16, 2002, the Board stamped the summons and accompanying copy of the notice of appeal as being received on August 20, 2001.
{¶ 4} The Board subsequently filed a motion to dismiss, arguing that the court of common pleas lacked subject matter jurisdiction over the matter because Thrower's appeal was not properly perfected. The Board argued that Thrower failed to file his notice of appeal with the Board and that the Board did not receive the copy of the notice of appeal filed with the common pleas court until four days past the filing deadline.
{¶ 5} The matter was referred to a magistrate, who found that Thrower failed to file his notice of appeal within the time prescribed and that the filing of his notice of appeal with the clerk of the common pleas court was insufficient and did not meet the statutory requirements for perfecting an administrative appeal. The magistrate recommended that the appeal be dismissed for failure to file a timely notice of appeal with the Board. Thrower filed objections to the magistrate's decision. The common pleas court adopted the magistrate's decision and dismissed Thrower's appeal. The court determined that it lacked jurisdiction over the matter because "[t]he appeal was not perfected as service was not completed on the agency which issued the decision being appealed within the time allotted by the Civil Rules."
{¶ 6} This appeal followed. Thrower raises seven assignments of error. In his second assignment of error, Thrower contends that the common pleas court erred in considering the Board's motion to dismiss; therefore, we will address that assignment of error first.
 II. Assignment of Error Number Two {¶ 7} "THE SUMMIT COUNTY PLEAS COURT COMMITTED A REVERSIBLE ERROR BY ALLOWING THE APPELLEE TO ASSERT IT'S POSITION RAISING ASSIGNMENTS OF ERROR, BRIEF IN THE COMMON PLEAS COURT, AFTER THE 20 DAYS PERIOD OR DEADLINE FOR FILING SAID BRIEF HAD EXPIRED WITHOUT ASKING `LEAVE' OF COURT PREJUDICING APPELLANT AND VIOLATING HIS DUE PROCESS RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTION." [SIC.]
{¶ 8} In his second assignment of error, Thrower argues that the Board's motion to dismiss was untimely, and therefore, the trial court erred by granting the motion to dismiss. Thrower essentially contends that the motion was filed after the time within which the Board's appellate brief should have been filed, and that therefore, the court erred when it considered the motion. We disagree.
{¶ 9} The Board challenged the court of common pleas' subject matter jurisdiction. A court's subject matter jurisdiction connotes the power to hear and decide a case upon the merits. Morrison v. Steiner
(1972), 32 Ohio St.2d 86, paragraph one of the syllabus. "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." State v. Swiger (1998), 125 Ohio App.3d 456,462. The issue of whether a court has jurisdiction over the subject matter is never waived, and a party may raise this issue at any stage of the proceedings. Civ.R. 12(H)(3); Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, overruled on other grounds, Manning v. Ohio StateLibrary Bd. (1991), 62 Ohio St.3d 24, paragraph one of the syllabus. Moreover, the court may raise the issue sua sponte. In re Graham,147 Ohio App.3d 452, 2002-Ohio-2407, ¶ 29. See, also, Civ.R. 12(H)(3).
{¶ 10} Because the issue of subject matter jurisdiction is never waived by a party, and the court may raise the issue sua sponte, Thrower's claim that the trial court should not have considered the Board's motion to dismiss lacks merit. Thrower's second assignment of error is overruled.
 Assignment of Error Number One {¶ 11} "THE COMMON PLEAS COURT COMMITTED REVERSIBLE ERROR, PREJUDICING THE APPELLANT MAKING AN ERRONEOUS FINDING OF FACT AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S POSITION, IN FINDING THAT THE APPELLANT DID NOT PERFECT HIS APPEAL WITHIN 30 DAYS VIOLATING THE APPELLANT'S DUE PROCESS RIGHTS, AND EQUAL PROTECTION RIGHTS UNDER THE 14TH AMENDMENT OF THE OHIO AND U.S. CONSTITUTION." [SIC.]
{¶ 12} In his first assignment of error, Thrower argues that the trial court erred when it dismissed his administrative appeal for lack of jurisdiction. We disagree.
{¶ 13} Thrower appealed the decisions of the Board to the court of common pleas pursuant to R.C. 2506.01. R.C. 2506.01 authorizes an appeal from a city's housing board to the common pleas court, in accordance with procedures established by R.C. Chapter 2505. R.C. 2505.04 sets forth the procedure for perfecting such an appeal. It provides, in pertinent part:
 {¶ 14} "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." (Emphasis added.) R.C. 2505.04.
{¶ 15} R.C. 2505.07 mandates that the appeal be perfected within thirty days after the entry of the final order of the administrative agency.
{¶ 16} Thrower does not dispute the fact that he never personally filed a notice of appeal with the Board. Instead, Thrower asserts that his notice of appeal was timely filed with the Board when the Board received the summons, along with a copy of the notice of appeal that had been filed in the court. Thrower contends that the notice of appeal was filed with the Board on the day indicated on the return receipt for the certified mailing, rather than the day the Board stamped the summons as received. Because we find that Thrower failed to file his notice of appeal with the Board itself, we need not address the issue as to which date controls for purposes of determining whether the notice of appeal was timely.
{¶ 17} The right to appeal a decision of an administrative agency's decision is conferred only by statute. Midwest Fireworks Mfg.Co. v. Deerfield Twp. Bd. Of Zoning Appeals (2001), 91 Ohio St.3d 174,177. Accordingly, the appeal can be perfected only in the method prescribed by the statute. See Zier v. Bureau of Unemp. Comp. (1949),151 Ohio St. 123, paragraph one of the syllabus. "[T]he filing of a notice of appeal with the administrative board under R.C. 2505.04 is essential to vesting the common pleas court with jurisdiction over the administrative appeal. If an administrative appeal is not so perfected, the common pleas court lacks jurisdiction, and the appeal must be dismissed." (Citations omitted.) Skrzypek v. WOIO TV 19, 9th Dist. No. 3228-M, 2002-Ohio-3033, ¶ 12.
{¶ 18} The clear language of R.C. 2505.04 requires the notice of appeal to be filed with the administrative agency from which the appeal is taken. Courts have repeatedly held that the filing of a notice of appeal in the common pleas court is insufficient to vest jurisdiction over an administrative appeal. See Dudokovich v. Lorain Metropolitan HousingAuthority (1979), 58 Ohio St.2d 202, 204; Patrick Media Group, Inc. v.Cleveland Bd. of Zoning Appeals (1988), 55 Ohio App.3d 124, 125; YoungIsrael v. Beachwood (2000), 138 Ohio App.3d 89, 91. Mere notification to the Board that a notice of appeal has been filed in the court is no better. The statute explicitly requires filing with the agency itself.
{¶ 19} The court of common pleas' service of summons upon the administrative agency, along with a copy of the notice of appeal that was filed in the common pleas court, is not a notice of appeal filed "with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved," as required by R.C.2505.04. See Guysinger v. Bd. of Zoning Appeals (1990), 66 Ohio App.3d 353,357. Accordingly, we find that such service of summons does not satisfy the jurisdictional prerequisite of the statute and does not vest the court with jurisdiction over the administrative appeal.
{¶ 20} As Thrower failed to file a notice of appeal with the Board, he has failed to perfect his administrative appeal as required by R.C. 2505.04; therefore, the court of common pleas lacked jurisdiction over his administrative appeal. Thrower's first assignment of error is overruled.
{¶ 21} Thrower's remaining assignments of error address the merits of his administrative appeal. As we have found that the court of common pleas lacked jurisdiction over the administrative appeal, we will not address Thrower's remaining assignments of error.
 III.
{¶ 22} Thrower's first and second assignments of error are overruled. Accordingly, the order of the Summit County Court of Common Pleas, which dismissed his administrative appeal, is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.