HANSON et al., Appellants,

v.

CITY OF SHAKER HEIGHTS et al., Appellees.

[Cite as *Hanson v. Shaker Hts.*, 152 Ohio App.3d 1, 2003-Ohio-749.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81359

Decided March 3, 2003.

Frank D. Celebrezze, Jr. and Timothy E. McMonagle, JJ., concurred in judgment only.

Kramer & Associates, Edward G. Kramer and David G. Oakley, for appellant.

Taft, Stettinius & Hollister, Timothy J. Duff and Margaret Cannon, for appellee.

Ulmer & Berne, L.L.P., Steven D. McGrew and Steven W. Albert, for appellee Heartland Developers, Inc.

ANNE L. KILBANE, Presiding Judge.

{¶ 1} This is an appeal from an order of Judge Shirley Strickland Saffold that granted summary judgment to the city of Shaker Heights,[1] Heartland Developers, Inc. ("Heartland"), and Shakergate Investments on Chagrin Boulevard L.L.C. ("Shakergate") (collectively "appellees"), on the appeal of Randy and Mary Jo Hanson from a decision of the Shaker Heights Board of Zoning Appeals and subsequent passage of a zoning ordinance by the Shaker Heights City Council. The Hansons claim that the judge erred in finding that she lacked jurisdiction because their notice of appeal was improperly filed. We reverse and remand.

{¶ 2} On July 12, 2000, Heartland and Shakergate filed an application for "planned unit development" that proposed residential construction on the north and south sides of Chagrin Boulevard in Shaker Heights, a portion of which abutted the Hansons' property at 20035 Sussex Road. The couple objected to the planned development and appeared at public hearings to oppose the grant of conditional use permits and variances necessary to allow it. The city passed an ordinance granting the permits and variances, and the Hansons appealed to the court of common pleas under *Schomaeker v. First Natl. Bank of Ottawa.*[2] The appellees filed motions to dismiss for lack of jurisdiction, claiming that the

---

1. The appeal also named the City's board of zoning appeals and planning commission, its law director, and its city council clerk.

2. (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, paragraph two of the syllabus.

Hansons failed to file a proper notice of appeal because the "original" notice was filed with the common pleas clerk instead of with the city. The parties submitted evidence outside the pleadings, and the judge treated the motions to dismiss as motions for summary judgment under Civ.R. 12(B).

{¶ 3} The record and affidavits established, and the parties do not dispute, that the Hansons drafted a notice of appeal and praecipe, which they sent by facsimile to the clerk of city council and the board of zoning appeals before filing it with the clerk of the common pleas court. The Hansons then sent copies of the notice and praecipe, now time-stamped by the common pleas court, to the city by certified mail. The city received both the facsimile transmission and the certified mail copies within the 30-day period allowed for filing the notice of appeal. The judge granted the motion for summary judgment, and the Hansons assert two assignments of error, which we address together:

{¶ 4} "I. The lower court erred in granting summary judgment finding there were no genuine issues of material fact that the court had jurisdiction to hear this matter under [R.C.] 2506.01 et al.

{¶ 5} "II. The lower court erred in granting summary judgment finding there were no genuine issues of material fact that the court had jurisdiction to hear this matter under [R.C.] 2506.01 et al. because the use of a facsimile copy is permitted to file a notice of appeal regarding a zoning matter with the City of Shaker Heights."

{¶ 6} The Hansons claim that both the facsimile transmission and the certified mail delivery were sufficient notices of appeal. We agree. The appellees have not argued that the Hansons failed to file the notice with the city—they argue only that they failed to file the "original" notice of appeal with the city and, therefore, failed to perfect their appeal under R.C. 2505.04. This argument is based on the premises that (1) jurisdiction does not attach unless the "original" notice of appeal is filed with the city; (2) the facsimile transmission does not constitute an original because it is, by definition, a copy; and (3) the certified mail copy was not an original because it already had been filed with the clerk of common pleas court.

{¶ 7} The city's first premise is faulty, even though it cites case authority supporting the proposition, including *Young Israel of Beachwood v. Beachwood*,[3] *Valley Rd. Properties v. Cleveland*,[4] and *Smith v. Ohio Dept. of Commerce*.[5] We

---

3. (2000), 138 Ohio App.3d 89, 740 N.E.2d 349.

4. (2001), 141 Ohio App.3d 418, 751 N.E.2d 532.

5. (Aug. 21, 2001), Franklin App. No. 00AP–1342, 2001 WL 950160.

cannot agree with these authorities, however, because they conflict with the Ohio Supreme Court's opinion in *Dudukovich v. Lorain Metro. Hous. Auth.,*[6] as well as the recent opinions in *BP Exploration & Oil, Inc. v. Oakwood Village Planning Comm.*[7] and *Berea Music v. Berea.*[8]

{¶ 8} In *Young Israel,* the court determined that a notice of appeal had not been filed with the city's board of zoning appeals, even though it had been served on the board's "secretary, counsel, and chairman."[9] In *Valley Rd. Properties,* the majority opinion interpreted *Young Israel* as holding that "sending a copy of a notice of appeal improperly filed with the court of common pleas to a board of zoning appeals does not vest a court of common pleas with jurisdiction to hear an administrative appeal."[10] A dissenting opinion, however, stated that neither R.C. 2505.04 nor *Dudukovich* required the appellant to serve an "original" notice of appeal upon the administrative board, and such a requirement served no legitimate purpose.[11]

{¶ 9} In *BP Exploration & Oil, Inc.,* the court ruled that R.C. 2505.04 "does not require an appellant to first file the original notice of appeal with the agency" and that *Dudukovich* did not require that filings be made in a particular order or mandate where an "original" or "copy" must be filed, but stated only that filing requires actual delivery.[12] In *Berea Music,* the court followed *Dudukovich* and *BP Exploration & Oil, Inc.,* ruling that R.C. 2505.04 required only that a notice of appeal be delivered to the administrative body and that delivery of a copy already filed in the court of common pleas was sufficient to invoke jurisdiction.

{¶ 10} We agree with *Dudukovich, BP Exploration & Oil, Inc.,* and *Berea Music* and disavow *Young Israel* and *Valley Rd. Properties* to the extent those opinions are inconsistent with our decision here. The appellees' argument, stripped of its gloss, essentially proposes that jurisdiction is lacking if the notice of appeal delivered to an administrative body bears a file stamp from the court of common pleas. Not only is such a requirement absent from R.C. 2505.04, the

---

6. (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

7. Cuyahoga App. No. 80510, 2002-Ohio-4163, 2002 WL 1868878.

8. Cuyahoga App. No. 80897, 2002-Ohio-6639, 2002 WL 31722554.

9. *Young Israel,* 138 Ohio App.3d at 91, 740 N.E.2d 349.

10. *Valley Rd. Properties,* 141 Ohio App.3d at 420, 751 N.E.2d 532.

11. Id. at 421–422, 751 N.E.2d 532 (Karpinski, A.J., dissenting).

12. *BP Exploration & Oil, Inc.,* Cuyahoga App. No. 80510, 2002-Ohio-4163, at ¶ 9–13.

notion is so far inconsistent with principles of due process that it cannot be engrafted onto the statute.[13]

{¶ 11} Although procedural requirements are a vital component of a properly functioning judicial system, it is ridiculous to base a dismissal upon the petty gripes raised here. Moreover, interpreting R.C. 2505.04 so aggressively against the right of appeal would be patently unfair, as the statute and its judicial explications already provide a rather nebulous view of the requirements necessary to file an administrative appeal. For example, although R.C. 2505.04 makes no statement concerning the filing of a notice with the common pleas court, *Dudukovich* ruled that the appellant must file a notice with the court of common pleas in order to perfect the appeal.[14] Because the appellant continues to have a duty to file the appeal with both the administrative body and the common pleas court, the appellee should not be allowed to quibble over which must be filed first.

{¶ 12} Furthermore, because R.C. 2505.04 makes no statement concerning the method of delivery,[15] the Hansons' facsimile transmission also was sufficient to satisfy the actual delivery requirement, at least so long as they could show that the city received the notice. Although the normal presumption of delivery[16] might not apply to a facsimile transmission, this issue is not before us because the city admittedly received both the facsimile and the certified mail notice. There is no dispute that the proper body received the notice of appeal and praecipe within the 30-day deadline, and the appellees have presented no legitimate reason why either mode of delivery, facsimile or certified mail, was insufficient.

{¶ 13} The appellees finally argue that R.C. 2505.04 should be interpreted in the same way some courts have interpreted R.C. 119.12. In *Smith*, the Franklin County Court of Appeals ruled that because R.C. 119.12 states that an appellant must "file a notice of appeal with the agency" and "[a] copy of such notice" with the common pleas court, the statute necessarily prohibited the filing of a "copy" with the agency.[17] The court thus ruled that the facsimile filing, though timely,

---

**13.** Id. at ¶ 14–15.

**14.** *Dudukovich*, 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113. Even though a 1987 amendment to R.C. 2505.03 added a reference making the Rules of Appellate Procedure applicable "to the extent this chapter does not contain a relevant provision," and App.R. 3(E) would appear to require that the administrative body file the notice of appeal with the common pleas court, the *Dudukovich* requirement has been continued. *Beachwood Bd. of Zoning Appeals v. Moriyama* (Nov. 1, 2001), Cuyahoga App. No. 78477, 2001 WL 1398467.

**15.** *Dudukovich*, 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113.

**16.** Id. at 205, 12 O.O.3d 198, 389 N.E.2d 1113.

**17.** *Smith*, Franklin App. No. 00AP–1342, supra.

was insufficient because a facsimile is a copy.[18] However, the court did not rule that a "hard copy" of the notice was insufficient if it had first been filed with the common pleas court—the issue was not addressed because the agency did not receive the hard copy until after the filing deadline.[19]

{¶ 14} Even if we agreed that a strict rule concerning the sequence of filings was mandated under R.C. 119.12,[20] that statute does not necessarily state the policy that should apply under R.C. 2505.04. R.C. 119.12 concerns appeals from state agencies, while R.C. 2505.04, as applied through R.C. 2506.01, concerns appeals from agencies of political subdivisions. The generality of rules concerning appeals from municipal boards, while frustrating to courts and litigants alike, must be understood in this context: The General Assembly cannot address the sundry details of administrative organization in political subdivisions across the state and, therefore, the statute must be interpreted with the liberality implied by the actual delivery rule of *Dudukovich*. Regardless of whether *Young Israel* and *Valley Rd. Properties* state a sequential filing rule or a rule that filing with a board's secretary does not equal filing with the board itself, we reject extrapolations of statutory language that limit the right to appeal under R.C. 2505.04. If one cannot perfect an appeal without strictly adhering to statutory provisions,[21] nor should we add provisions that are not strictly required by the statute.

{¶ 15} Although this case does not present issues concerning who received the delivery, the discussion of those issues in *Young Israel* and *Valley Rd. Properties* also concerns this court because those opinions imply that a narrow right of appeal is mandated or justified by R.C. 2505.04 and that picayune distinctions can be drawn to defeat jurisdiction under that statute. Those opinions, however, are unclear about the administrative systems in the political subdivisions involved, and it is unclear whether filing a notice with a secretary of a board was as close as the appellants could get to filing with the boards themselves. In *BP Exploration & Oil, Inc.*, the court determined that filing with

---

18. Id.

19. Id.; see, also, *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 321, 659 N.E.2d 368 (despite statements concerning "original" notice, appeal was properly dismissed because *no* notice was given to agency within deadline).

20. See *Buchler v. Ohio Dept. of Commerce* (July 12, 2001), Cuyahoga App. No. 78401, 2001 WL 792736 (purporting to adopt the strict sequential rule in an opinion in which the author of this opinion concurred. However, the *Buchler* opinion is ambiguous because it states that notice was sent but does not state whether the agency received the notice of appeal within the statutory deadline.)

21. *Smith; Buchler.*

the secretary of a board was equivalent to filing with the board, although this opposite result also was not explained by reference to local ordinances or procedures.

{¶ 16} The "actual delivery" rule of *Dudukovich* also should apply to these questions, and delivery to a person associated with the agency should be sufficient if it is reasonably calculated to notify the administrative entity.[22] Without such a rule, an appellant conceivably could send notice to each member of a board and still be subject to a claim that he had failed to file notice with the board itself. At some point, all notices delivered to an incorporeal entity must find their way to a person—without some explanation of why service on that person does not provide adequate notice, we can accept neither the general rule limiting the right to appeal nor the specific conclusion that a particular person does not represent the board.

{¶ 17} The appellees' reliance on decisions limiting the right of appeal under R.C. 2505.04 is misplaced because those opinions can be distinguished or discredited. Moreover, there is no rational basis for applying the rule proposed by the appellees here—the city received notice within the filing deadline, and the presence or absence of a time stamp from a common pleas court on the Hansons' notice of appeal is no reason to deny jurisdiction. The assignments of error are sustained.

Judgment reversed
and cause remanded.

FRANK D. CELEBREZZE, JR. and TIMOTHY E. MCMONAGLE, JJ., concur in judgment only.

---

22. *Dudukovich,* 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113.