JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Melvin Nunnally appeals from the several trial court orders that granted summary judgment to all of the defendants-appellees in his case; his case combined an administrative appeal, an action for declaratory judgment, and tort claims that appellant brought against the village of Oakwood, its mayor, its Planning and Zoning Commission, and the commission's chairman, along with Walter and Martha Tiburski, and Furman Brown.
 {¶ 2} The essential facts of appellant's case previously were set forth in State ex rel. Nunnally v. Village of Oakwood (Nov. 1, 2001), Cuyahoga App. No. 78684 ("Nunnally I"). They are summarized and amplified as follows.
 {¶ 3} In March 1997 appellant purchased a large, irregularly-shaped plot of undeveloped land, commonly referred to as "Block A," in the Village of Oakwood. He gave the seller, Martha Tiburski, $45,000 for the parcel. Mrs. Tiburski's husband, a former village councilman, had bought the over three-acre parcel three years earlier at a Sheriff's sale for $4,400 and placed it into her name.
 {¶ 4} The biggest part of the parcel is triangular and situated north of a residential development built along Buckthorn Road; the smaller part is a 50-foot wide corridor on the western border that runs for about 150 feet and connects the larger part to Buckthorn. As its designation implied, the entire parcel originally had been contemplated by the developer to be for recreational or municipal use rather than as a residential sublot, but transfer of it to the village never had been made.
 {¶ 5} Appellant nevertheless made the purchase with the intention of eventually building a home on the property. Prior to the purchase, he had ensured the parcel was zoned for residential use, and that his use of a factory-built home would not conflict with building regulations.
 {¶ 6} In February 1999, he discussed his intention in a telephone conversation with village mayor Gary Gottschalk. The conversation led to appellant's receipt of a letter from Gottschalk in which Gottschalk advised him of the parcel's history, and, further, cautioned him that since Block A was neither intended nor configured for residential development, any attempt which was "in any way inconsistent with the Codified Ordinances of the Village of Oakwood" (the "COVO") to develop it for residential use would be" strenuously opposed" by the village.
 {¶ 7} The following month, appellant submitted two applications to the village Building Department for both a "Plan Examination and Building Permit" and a "Zoning Certificate." Appellant proposed the construction of a factory-made single-family home on the parcel.
 {¶ 8} In response to appellant's initiative, the village law director promptly notified him that pursuant to COVO Part 11, the Planning and Zoning Code, the Building and Zoning Inspector could not act upon his applications. The applicable code sections instead required appellant first to submit an application to the village Planning Commission. The law director's letter set forth the applicable code sections, specified the information to be attached to appellant's application, and, further, informed appellant that since the parcel originally had been designated as "green space" for the subdivision, his application for a residential building permit would "appear" to require" numerous and substantial variances."
 {¶ 9} In late April 1999, appellant followed the procedure, but neglected to attach the necessary boundary drawing made by a registered surveyor. Thus, at the May 5, 1999 meeting of the village Planning and Zoning Commission, its chairman Rand Broadstreet informed appellant the application could not be considered until he additionally submitted the required documents.
 {¶ 10} Appellant made a somewhat careless attempt to comply. Consequently, at the June 7, 1999 commission meeting, his application was denied. However, the commission supplied appellant with a list of the information pursuant to COVO 1139.05 that his survey drawing lacked. It included the following: the driveway side setback from the adjoining property line, the rear yard setback, acceptable boundary lines, and existing and proposed drainage patterns.
 {¶ 11} On July 7, 1999 appellant proceeded by filing the instant action in the trial court. Nunnally I observed in footnote 4 that appellant filed it "[r]ather than appeal the Planning Commission's decision to the Oakwood Board of Zoning Appeals, as provided by [COVO] 1143.03(a)."
 {¶ 12} As later amended, his complaint in relevant part set forth a notice of administrative appeal "pursuant to [R.C.] Chapter 2506," asserted claims against the village, Gottschalk, the Planning and Zoning Commission, and Broadstreet (" the village defendants" or "the village appellees") for a declaratory judgment that their actions had deprived him of the use of his property and that they were obligated to issue the building permit, claims against the Tiburskis for fraudulent misrepresentation and concealment, and a claim against neighboring property owner Furman Brown for "fraudulent inducement" on the basis that Brown had obtained village residents' signatures on a blank sheet of paper he later labeled as a "petition" to oppose appellant's development plans.
 {¶ 13} Following discovery, the village defendants filed a motion for summary judgment, which they later requested to be "substituted" by a motion to dismiss appellant's administrative appeal. They argued in their motion that appellant neither had exhausted the administrative remedies available under the COVO nor properly had perfected his administrative appeal, since he never filed a notice of appeal with the commission itself. Attached as exhibits in support of the village defendants' "motion to dismiss" were several affidavits.
 {¶ 14} The trial court initially denied appellant's motion, but after the parties had filed their administrative appeal briefs, dismissed appellant's appeal. The trial court's indication that its order was "final" led to Nunnally I.
Therein, this court instructed the parties that since a dismissal of only appellant's administrative appeal failed to comply with either R.C. 2505.02 or Civ.R. 54(B), the entire case had not been resolved. The case therefore was remanded to the trial court for further proceedings.
 {¶ 15} On remand, the trial court permitted the parties to file cross-motions for summary judgment. Each motion properly was supported by evidentiary material in the form of affidavits, portions of deposition testimony, and verified copies of documents. In a series of orders beginning in October 2002, the trial court issued rulings on the motions.
 {¶ 16} First, appellant's motion was denied as to all defendants. Next, the village defendants' motion for summary judgment was granted as to all of appellant's claims; the trial court stated specifically that appellant could not obtain a declaratory judgment due to his failure to exhaust his administrative remedies. The Tiburskis' motion was denied, but Brown's motion was granted on appellant's claim against him. Thus, trial was to proceed only on appellant's claims against the Tiburskis.
 {¶ 17} In February 2003, the village defendants filed in the trial court a "notice of final disposition of state claims (sic) against [them] by Federal Court decision." Therein, they informed the trial court that appellant had instituted an action in Federal Court alleging "the building permit proceedings at issue in this case resulted in a deprivation of [his] rights to due process and equal protection * * * and that [he] suffered discrimination based upon his race * * *., [and sought] declaratory relief finding that the alleged constitutional violations occurred and monetary damages."
 {¶ 18} They further informed the trial court that they had been awarded summary judgment on appellant's claims in September 2002, that appellant had never instituted an appeal of that award, and that, therefore, the award had become final. On this basis, the village defendants sought an order from the trial court that specifically stated any of appellant's remaining claims against them were dismissed pursuant to the doctrine of res judicata. They attached to their notice the relevant documents.
 {¶ 19} Although appellant filed a brief "in opposition" to the filing of the notice, the trial court took no further action as to the village defendants. Appellant and the Tiburskis, however, were permitted to file renewed motions for summary judgment. Subsequently, the trial court denied appellant's motion, but granted the Tiburskis' motion for summary judgment. The trial court stated appellant could not establish the elements of his claims for fraudulent misrepresentation and concealment.
 {¶ 20} Appellant has filed his appeal from the final disposition of his action. He presents six assignments of error for review.[1]
 {¶ 21} Appellant's first, second, third, and fifth assignments of error state:
 {¶ 22} "I. The trial court erred as a matter of law when it decided that the June 7, 1999 decision of the Village of Oakwood Planning Commission was not a final appealable order.
 {¶ 23} "II. The trial court erred as a matter of law when it decided that appellant was required to exhaust all administrative remedies before bringing a claim in court when no administrative remedy was available that could provide the relief sought or if resorted to would have been burdensome, wholly futile, onerous and unusually expensive.
 {¶ 24} "III. The trial court erred as a matter of law when it dismissed the administrative appeal after previously denying appellees' motion to dismiss for lack of jurisdiction."
 {¶ 25} "V. The trial court erred as a matter of law when it granted the village appellees' motion for summary judgment."
 {¶ 26} In these assignments of error, appellant presents several arguments to support his assertion that the village appellees did not merit an award of judgment in their favor on his claims against them. None of his arguments, however, is persuasive.
 {¶ 27} First, appellant argues that the village ordinances gave him no further right of appeal of the denial of his application for a building permit; therefore, the Planning Commission's denial constituted a "final order" for purposes of R.C. 2506.01, and, thus, the trial court's eventual dismissal of his administrative appeal constituted error. Alternatively, appellant argues he was not required to exhaust his administrative remedies, asserting it would have been futile and onerous to do so.
 {¶ 28} It is impossible to credit either argument. The record reflects appellant failed properly to perfect his administrative appeal.[2] Consequently, the trial court lacked jurisdiction to consider appellant's administrative appeal.
 {¶ 29} R.C. 2506.01 permits the court of common pleas to review every final decision "of any * * * board * * * or other division of any political subdivision of the state * * * as provided in chapter 2505. of the Revised Code, except as modified by this chapter." R.C. 2505.04 provides the" appeal is perfected when a written notice of appeal is filed * * * in the case of anadministrative-related appeal, with the administrative * * *board * * *." (Emphasis added.)
 {¶ 30} Although the word "filed" has been interpreted liberally, the appellant still is required to give notice of his appeal to the administrative agency itself. See Hanson v.Shaker Heights, 152 Ohio App.3d 1, 2003-Ohio-749; BPExploration Oil, Inc. v. Oakwood Planning Comm. (Aug. 15, 2002), Cuyahoga App. No. 80510; cf., Valley Road Properties v.Cleveland (2001), 141 Ohio App.3d 418. Thus, appellant's act of" filing" his appeal from the Planning Commission's decision in the mayor's court, without any notice to either the commission or its officers, was insufficient to vest jurisdiction in the trial court. Consequently, the trial court properly dismissed appellant's administrative appeal. Patrick Media Group, Inc. v.Cleveland Bd. of Zoning Appeals (1988), 55 Ohio App.3d 124.
 {¶ 31} Even if this court could consider appellant's alternative argument, moreover, nothing in the record supports it. The COVO contains every requirement for the construction of a residence within the village. Appellant not only had access to this information, but in denying appellant's application, the Planning Commission specified the ways in which it was lacking, thus subtly encouraging him to make another, more thorough, attempt. Appellant further was informed at the June 1999 meeting that he would also need to request several variances in order to have his application approved. This indicates appellees' interest in helping appellant over additional hurdles he would face. Appellant presented no evidence that seeking to comply with village planning and zoning requirements would cause him any hardship at all.
 {¶ 32} For the foregoing reasons, appellant's first and second assignments of error are overruled.
 {¶ 33} Appellant argues thirdly that the trial court could not, after denying appellees' motion to dismiss, later determine it lacked jurisdiction to consider his administrative appeal. Appellant is incorrect.
 {¶ 34} The issue of subject matter jurisdiction is never waived; neither the court nor the parties can confer jurisdiction where none existed originally. Patton v. Diemer (1988),35 Ohio St.3d 68. Additionally, Nunnally I determined no final order had been entered; the trial court also has the authority to change, modify, or revise a judgment that is not a final order if it has not entered judgment as to all of the claims or parties in an action. Civ.R. 54(B); Bodo v. Nationwide Ins. Co. (1991),75 Ohio App.3d 499; Sakian v. Taylor (1984), 18 Ohio App.3d 62.
 {¶ 35} Therefore, appellant's third assignment of error also is overruled.
 {¶ 36} Finally, appellant argues summary judgment for the village appellees on his remaining claims was inappropriate. He asserts the evidence in the record demonstrates that he complied with all the requirements necessary to obtain a building permit, and that the actions of the village appellees thus constituted a "regulatory taking" of his property without compensation. This court disagrees.
 {¶ 37} As previously stated, appellant made only preliminary and cursory attempts to comply with COVO requirements for obtaining a building permit; he neither completed the administrative process available to him nor vested appellate jurisdiction in the common pleas court. While some of his claims remained pending in the common pleas court, however, appellant thereafter failed to appeal the federal court's decision to dismiss his action. Under these circumstances, his remaining claims against the village appellees were barred by the doctrine of res judicata.
 {¶ 38} Under the doctrine of res judicata, a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim or issue arising out of the same transaction or occurrence that was the subject matter of the previous action.Grava v. Parkman Twp., 75 Ohio St.3d 379, syllabus, 1995-Ohio-331. The doctrine applies between state and federal court judgments. Powell v. Doyle (Oct. 8, 1998), Cuyahoga App. No. 72900.
 {¶ 39} Appellant's federal action was brought against the same village defendants, concerned the same occurrence, viz., the denial of the application for a building permit, and, as demonstrated by the documents submitted by appellees, was a final judgment against appellant on his claims. Lakewood, OhioCongregation of Jehovah's Witnesses, Inc. v. Lakewood (1984),20 Ohio App.3d 338.
 {¶ 40} Accordingly, appellant's fifth assignment of error also is overruled.
 {¶ 41} Appellant's fourth assignment of error states:
 {¶ 42} "IV. The trial court erred as a matter of law when it granted appellees', (sic) Walter and Martha Tiburski's (sic) motion for summary judgment."
 {¶ 43} Appellant apparently argues enough evidence in the record existed to establish the elements of his causes of action against the Tiburskis; therefore, they were not entitled to summary judgment on his claims of fraudulent misrepresentation and fraudulent concealment. Appellant's argument is unpersuasive.
 {¶ 44} Summary judgment is appropriate when the moving parties identify those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of the opposing party's claim, and the opposing party fails to respond with specific facts that show the existence of an issue for trial. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 45} In order to establish his claim for fraudulent misrepresentation, appellant first had to show a false representation concerning a fact material to the transaction.Mussivand v. David (1989), 45 Ohio St.3d 314. Appellant asserts the Tiburskis falsely declared to him the parcel" was suitable for the building of a single-family residence."
 {¶ 46} However, since appellant testified at his deposition that he had researched and verified their declaration prior to purchasing Block A, and since he never finished the administrative process, he could not make even this preliminary showing. Similarly, appellant's claim that the Tiburskis "fraudulently concealed" the parcel's "defect," i.e., Block A was not one on which a residence could be built, suffered from the same flaw.
 {¶ 47} The trial court therefore correctly concluded summary judgment for the Tiburskis on appellant's claims was appropriate. Appellant's fourth assignment of error, accordingly, also is overruled.
 {¶ 48} Appellant's sixth assignment of error states:
 {¶ 49} "VI. The trial court erred as a matter of law when it granted appellee, (sic) Furmon Brown's motion for summary judgment."
 {¶ 50} Appellant argues the evidence in the record demonstrated Brown made a false representation to other village residents when he obtained their signatures for a petition against any development of Block A. Even if correct, appellant's argument misses the point.
 {¶ 51} Appellant lacks standing to maintain an action for a fraudulent misrepresentation made to a third party; thus, the trial court properly granted summary judgment to appellee Brown on appellant's claim. Marbley v. Metaldyne Co., Summit App. No. 21377, 2003-Ohio-2851, P. 26.
 {¶ 52} Appellant's sixth assignment of error also is overruled.
 {¶ 53} The trial court's orders are affirmed.
Corrigan, A.J., and Cooney, J., concur.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Appellant sets forth at page vi of his brief what he indicates are his "Assignments of Error Presented for Review;" however, these do not match the statements set forth in the body of the brief. Since the statements that appear prior to the actual arguments seem more accurately posited, they are the ones quoted herein.
[2] Moreover, even if he had, this court's comment in footnote 4 of Nunnally I states otherwise. Footnote 4 stated that COVO 1143.03(a) "provided" for an "appeal [of] the Planning Commission's decision to the Oakwood Board of Zoning Appeals."