COLUMBUS (CITY), A MUNICIPAL CORPORATION, APPELLANT, *v.* UPPER ARLINGTON, (CITY), A MUNICIPAL CORPORATION, ET, APPELLEES.

Common Pleas Court, Franklin County.

No. 218734.   Decided February 5, 1964.

Mr. *John Young*, city attorney, for appellants.
Mr. *Paul Griffith*, for appellees-movant.

SATER, J.   In this case the City of Columbus filed on November 15, 1963, its notice of appeal from the decision and final action, dated November 11, 1963, of the Council of the City of Upper Arlington.   The named appellees are the seven members of the Upper Arlington City Council, the city manager of that City, and the City itself as a municipal corporation.   For convenience herein appellant is called Columbus, and appellees, Arlington.   The basis of the appeal is Arlington's stated denial of Columbus' application for a permit ''for the construction of a street pavement on City of Columbus-owned property within the corporate limits of the City of Upper Arlington'' in accordance with a plan prepared by Columbus' engineers; i. e., the westward extension of the so-called North Broadway crossway.

The procedural steps of such an appeal are covered by Chapters 2505 and 2506, Revised Code.   Under them Columbus filed its notice of appeal with the Clerk of this Court.   It then filed a separate precipe with the clerk for each appellee, cor-

porate or individual official, as named above and filled out on each such precipe "Nature of Relief sought Appeal from Council of Upper Arlington." Pursuant to the command of these precipes, the Sheriff of this County obtained personal service on, and left a copy of the notice of appeal with, each individual appellee *but* each summons (1) clearly set forth the respective official capacity of the appellee served, (2) stated "Nature of relief sought: appeal from Council of Upper Arlington," and (3) noted that such appellee was to be handed *not* a copy of a petition, but a "notice of appeal."

The Sheriff's return on the summons shows that within six days (most within three days) he served each appellee "by personally handing to him (or it) a true and certified copy of this writ *with all the endorsements thereon, together with a certified copy of the notice of appeal and praecipe"; the return also noted the respective official capacity of the appellee* upon whom the service was made. True, the summons did contain what sounds like an answer day to a petition as for damages; but to read that one sentence to the exclusion of all else is as illogical as it is erroneous. Even the notice of appeal, which each appellee received, states baldly and clearly on its front page caption the official capacity of each appellee; and the body of the notice is consonant with nothing but that capacity. There can be no doubt at all but that appellee Arlington was being summoned as a city, and the appellee individuals only in their respective capacities as officials thereof. That this situation was so understood is shown by the prompt filing by Arlington clerk, Lois M. Nott, with the Clerk of a "Transcript of Proceedings before the council of the city of Upper Arlington in the above (this) matter."

Two motions have been filed to quash the service of these summons. One is by Lois M. Nott who moves *not* as a municipal official but as an individual; however, we forgive Lois M. Nott and her counsel this faux pas, and treat her motion as having been made in her Arlington official capacity, and as a demurrer if we may treat her motion so elastically. The other motion to quash is made separately and severally by "all the persons designated as appellees in this action"; this certainly is broad enough to cover the several individuals listed above

only in their official capacity. We will consider each motion in turn.

(1) Lois M. Nott.

Precipe was filed for and summons had, both as noted above, on Lois M. Nott as "Clerk of the City Council of Upper Arlington"; and the relief sought against her was as stated above, "Appeal from Council of Upper Arlington." But she is not designated as an appellee in the notice of appeal; she is not the city manager, the city mayor, or a member of the city council. Accepting the truth of her brief in support of her motion (as well as of the precipe and summons) she is at best only a municipal employee other than on the policy-making level. There is no showing that she is a party either necessary or proper to this appeal. For these reasons her motion is sustained.

Submit entry in compliance with our Rule VIII.

(2) All the persons designated as appellees in this action.

Here the situation is radically different.

Chapter 2506, Revised Code, may be said to be the local application of Chapter 119, frequently called the Administrative Procedure Act. It applies to any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state. Obviously, Arlington and its city manager and city council come well within the ambit of Chapter 2506, Revised Code. For the purpose of consideration of the motion before us, the only other pertinent portion of that chapter provides that appeal from any one or more of the bodies listed just above shall be governed by Chapter 2505, Revised Code. We turn then to this latter chapter which is cumbersome but not fatally so.

This appeal clearly falls within the definition of Section 2505.01, Revised Code, as so expanded. And probably Section 2505.02, Revised Code, if reference to this section is necessary at all. Section 2505.04, Revised Code, provides that "An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission"; but Chapter 2506, Revised Code, enlarges on the number of those bodies to include all of those listed in Section 2506.01, Revised Code, and set out above. Certainly Columbus' almost shot-gun

service of notice to everyone in sight—city, manager, council, precludes a justifiable claim that such written notice of appeal was not given; indeed, no such claim is made, and we do not see how it could be made. Section 2505.05, Revised Code, describes the notice of appeal, and is here adequate. Finally, Section 2505.08, Revised Code, which covers the filing with our Clerk of the transcript of the record has been unquestionably complied with here by Lois M. Nott. Other sections of Chapter 2505, Revised Code, may later come into play but they are not necessary to disposition of the motion before us.

The one and only question before us here is precisely what sort of notice of appeal must be given under Chapter 2505, Revised Code, as expanded by Chapter 2506, Revised Code.

The Administrative Procedure Act, Section 119.12, Revised Code, states with regard to the perfecting of an appeal that

"Any party desiring to appeal shall file a notice of appeal with the (state) agency setting forth the order appealed from and the grounds of his appeal."

It must be noted that this statute prescribes no method of transporting that notice of appeal to its designated destination. Now look at the pertinent parts of Sections 2505.04 and 2505.05, Revised Code, which Chapter 2506, Revised Code, makes applicable to the case before us,

(Section 2505.04, Revised Code.) "An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer or commission."

(Section 2505.05.) "The notice of appeal required by Section 2505.04, Revised Code, shall designate the order, judgment or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee" * * *

Here two statutes are needed to accomplish a result identical with the one sentence of Section 119.12, supra, Revised Code, but since the latter statutes affect jury trials as well as actions of both administrative, executive and also legislative bodies, this is natural and understandable. But note once again that the method of transporting that notice of appeal to its designated destination is not prescribed. It is a simple matter of transportation and delivery in either case.

Obviously, under either of these laws, any method productive of certainty of accomplishment is countenanced. Manual carriage and delivery would be proper but death of the carrier could eliminate all traces of proof. Ordinary mail may be utilized but the incidental hazards (compounded possibly by the now ubiquitous ZIP enumeration) are obvious. Registered and certified mail may actually never come to the hands of the actually designated party appellee. But a sheriff's return is permanent and, at the same time, carries a presumption of regularity and actuality. Columbus was not compelled in any way to use the Sheriff to transport, deliver and report, but neither was it barred from doing so. Furthermore, the prolixity of the copies delivered ends once and for all any question of either actuality or adequacy of notice.

Appellees' arguments leave the reader cold. Their motion goes at this case as though they were being individually, separately and severally, sued for monetary damages. Yet they must all be able, erudite men; and if they have been found by their electors to be capable of reading, understanding, dissecting and enacting legislation, they must a fortiori be able to read and comprehend a summons and a 1½ page (including lengthy style and names of counsel) two-sentence notice of appeal. The prime difficulty here is that appellees have chosen to read just one sentence of a sheriff's return out of context and, apparently, in complete disregard of all else in not only the summons but also the notice of appeal. Had they or their counsel read the precipes in the file, the full summons and the notice of appeal, they would have known beyond peradventure of doubt the nature of the proceeding here and the nature and type of relief sought of this Court. It is futile to say that "there is no petition to which an answer may be directed" because this case is an appeal under Chapter 2506, Revised Code, not a case of original or originating jurisdiction. Their arguments smack entirely of trial courts of original jurisdiction but not at all of appeals or appellate procedure. Foot dragging here is not attributable to Columbus; to the contrary, Columbus extended to certainty of notice far beyond what is ordinarily found in this type of appeal. Because the manner of delivery is unusual does not make it illegal.

The motion of the named appellees is overruled with leave to take such further action as may in due course be lawful and proper. Submit entry again in compliance with our Rule VIII.