SUN OIL COMPANY ET, APPEAL, IN RE.

Common Pleas Court, Montgomery County.

No. 123622.   Decided July 8, 1964.

*Mr. Paul R. Young*, prosecuting atorney, and *Mr. Paul J. Fleischauer*, assistant prosecuting attorney. for appellee.

*Messrs. Coolidge, Wall & Wood*, for appellants.

MARTIN, J. Appellants, owners of real estate located on the east side of Brandt Pike (Route 202) and Fishburg Road, in Wayne Township, Montgomery County, whose application for rezoning their land from R-1 to B-1 was denied by the trustees of said township, moved for a summary judgment in this appeal proceeding reversing the finding and decision of said board of trustees on the ground that reasonable minds could not differ that such decision was arbitrary and unreasonable.

Appellee trustees, through counsel, claim among other things that the appeal procedure provided by the administrative code, to-wit, Section 2506.03, Revised Code, mandatorily requires the Court to hear the case "as in the trial of a civil action," subject to limitations thereof referred to in said section. Said section in its pertinent part reads as follows:

"Section 2506.03, Revised Code. Hearing of appeal.

"The hearing of such appeal shall proceed as *in the trial of a civil action* but the court shall be confined to the transcript as filed pursuant to Section 2506.02, Revised Code, unless it appears on the face of said transcript or by affidavit filed by the appellant that:"

(The existence of circumstances or facts authorizing the appellate tribunal to hear additional evidence.)

It will be noted that the language of Section 2506.03, Revised Code, quoted above, requires the common pleas court on appeal to proceed "as in the trial of a civil action."

Section 2311.041, Revised Code, titled "Summary judgment," limits its use to a civil action, to-wit:

"Summary judgment may be granted in a civil action as provided in this section,"

Section 2307.02, Revised Code, titled "Form of action," reads:

"There shall be but one form of action, to be known as a 'civil action.' This section does not affect any substantive right or liability, legal or equitable."

Section 2307.01, Revised Code, title "Action defined," reads:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

The provisions of Paragraph (A) of the Summary Judgment Act (Section 2311.041, Revised Code), gives a party the right to move with or without supporting affidavits for a declaratory judgment "at any time after the action is at issue." Paragraphs (B) and (C) of said section refer to pleadings, depositions, answers to interrogatories, and admissions of the genuineness of papers or documents.

Unquestionably the hearing before the board of trustees of Wayne Township was a hearing before an administrative or legislative board. Such hearing, in this case on an application for rezoning, is clearly not a "civil action." The proceeding on appeal before this Court is not an original action in a court of first instance having original jurisdiction, and clearly is not a civil action in which issues are made up by the pleadings of the parties, and where discovery procedures may be used.

Consequently, we are of the opinion that the summary judgment procedure attempted to be invoked by appellants is not available to them on this appeal, either to expedite the hearing of the appeal or to short-circuit the trial provisions of Section 2506.03, which mandatorily require the Court to proceed "as in the trial of a civil action." Such words, "as in the trial of a civil action," do not include summary judgment procedure, as it cannot be said that the summary judgment procedure is the same as in the trial of a civil action.

Furthermore, appellants have obtained an order from this Court, based upon an affidavit of appellants' counsel, granting them permission to introduce additional evidence in this case.

Such order clearly contemplates the taking of additional testimony on trial.

Under such circumstances it is unnecessary,—indeed, it is improper for the Court to consider other factual and legal reasons urged by counsel for appellants and appellees as to why the decision of the Wayne Township Board of Trustees should or should not be reversed. Such matters may be urged on a trial and hearing on the merits of the appeal.

Inasmuch as appellants' motion for a summary judgment is not a procedure authorized by the law of Ohio, and cannot, therefore, be considered by this Court, the same is hereby ordered stricken from the files. This cause will be set for hearing at an early date.

An entry will be drawn accordingly.