JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant, BP Exploration Oil, Inc. (BP), appeals the decision of the Cuyahoga County Court of Common Pleas granting a motion for summary judgment. For the following reasons, we reverse and remand.
On May 7, 2001, defendant-appellee, the Oakwood Village Planning Commission (Oakwood), denied BP's application for the construction of a gasoline service station. On May 31, 2001, BP filed an appeal to the Court of Common Pleas and hand-delivered a written notice of appeal to Erica Lesley, the Secretary of Oakwood's Planning Commission. On July 10, 2001, Oakwood filed a stipulation extending the time for the filing of the transcript of proceedings to July 20, 2001. This stipulation evidences Oakwood's receipt of the notice of appeal.
Nevertheless, on July 19, 2001, Oakwood filed a motion for summary judgment alleging that BP's delivery of a notice of appeal to its office does not constitute filing as required by R.C. 2505.04.
On October 18, 2001, the trial court granted Oakwood's motion, concluding that the appeal had not been filed with the Planning Commission as required by R.C. 2505.04. BP timely appeals and raises one assignment of error:
 I. The trial court erred in ruling it was without jurisdiction over the appeal and granting the motion for summary judgment of the Planning Commission, Village of Oakwood.
In its sole assignment of error, BP argues that the trial court erred by granting the motion for summary judgment. We agree.
R.C. 2505.04 provides in pertinent part that "an appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
Contrary to Oakwood's position, this statute does not require an appellant to first file the original notice of appeal with the agency. Rather, the statute contemplates contemporaneous filings in both the court and the agency. Further, the statute does not define filed to preclude hand-delivery.
The seminal case in this regard is Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202. In that case, Dudukovich filed her notice of appeal in the common pleas court on May 31, 1977, and sent a copy of her notice of appeal to the housing authority by certified mail. On appeal, the housing authority argued that it did not have the authority to hear Dudukovich's appeal because she did not comply with the filing requirements of R.C. 2505.04. The court stated:
 The issue thus becomes whether Dudukovich sufficiently complied with R.C. 2505.04 by mailing a copy of the notice of appeal to LMHA. It is established that the act of depositing the notice in the mail, in itself, does not constitute a `filing,' at least where the notice is not received until after the expiration of the prescribed time limit. Fulton, Supt. of Banks v. State, ex rel. General Motors Corp. (1936), 130 Ohio St. 494. Rather, `[t]he term filed * * * requires actual delivery * * *.' Id., at paragraph one of the syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in Columbus v. Upper Arlington (1964), 94 Ohio Law Abs. 392, 397, 201 N.E.2d 305, `any method productive of certainty of accomplishment is countenanced.' Having considered appellee's method of service, we find that simply `[b]ecause the manner of delivery is unusual does not make it illegal.' Id.
See, also, Evans v. Greenview Local School Dist. (Jan. 4, 1989), Greene App. No. 88 CA 40 (Since a copy of the notice of appeal was actually delivered to the School District [via certified mail by the clerk of courts], the notice of appeal was `filed' with the School District.).
Based on Dudukovich and its progeny, we conclude that R.C. 2505.04 is designed as a notice provision, requiring actual delivery by any method demonstrating a certainty of accomplishment of that delivery. See, e.g., Watson v. Bd. of Twp. Trustees of Newton Twp. (Nov. 20, 2000), Licking App. No. 00-CA-44. Here, the certificate of filing indicates that BP hand-delivered the notice of appeal to Erica Lesley, although she claims that BP left the notice on her desk. Regardless, it is undisputed that Oakwood received notice, as is evidenced by its July 10, 2001 stipulation.
In this regard, we find McCormick v. Wellston Bd. of Zoning Adjustment (Oct. 15, 1982), Jackson App. No. 463, to be instructive. In that case, the appellants filed their notice of appeal with the Jackson County Clerk of Court on August 28, 1981, and, on the same day, the Clerk sent a copy of the notice of appeal via certified mail to the zoning board. The Fourth Appellate District concluded that McCormick satisfied the notice requirement of R.C. 2505.04, stating:
 The Supreme Court has consistently held that the issue of service is one of due process. The purpose of service is notice, even where service within the prescribed time is jurisdictional. Dudukovich v. Lorain Metropolitan Housing Authority (1979), 58 Ohio St.2d 202, 389 N.E.2d 1113; Akron-Canton, supra; In Re Foreclosure (1980), 62 Ohio St.2d 333. We note here that these cases deal with the issue of timeliness, but the intent of the Supreme Court is clear. The issue of service is a shield to protect due process rights; it is not a sword to cut down legitimate appellants who seek redress.
We recognize that, at first blush, Dudukovich appears to conflict with our subsequent decisions in Valley Road Properties v. City of Cleveland (2001),141 Ohio App.3d 418, et al. However, the facts of those cases are easily distinguishable from the circumstances presented both here and in Dudukovich. In Valley Road Properties, for example, the appellant filed an original complaint and notice of appeal in common pleas court, but never filed copies of those documents with the board of zoning appeals. Subsequently, it filed an amended complaint and notice of appeal in common pleas court and forwarded these amended filings to the board. The trial court granted the board's motion to dismiss, and we affirmed that decision.
We agree with our decision in Valley Road Properties because the appellant in that case never filed a copy of the original notice of appeal with the board. The subsequent filing of an amended notice of appeal, which appellant did serve on the board, did not cure this defect.
Accordingly, it is clear that BP filed, as defined by Dudukovich, its notice of appeal with Oakwood, and it is undisputed that Oakwood received actual delivery of the same. As such, BP has complied with the notice requirements of R.C. 2505.04. Thus, the trial court erred in granting summary judgment in Oakwood's favor.
Judgment reversed and remanded for further proceedings.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.