JOURNAL ENTRY and OPINION.
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral argument of counsel.
 {¶ 2} Plaintiff-appellant Berea Music (store) appeals the trial court's dismissal of its appeal from the Berea Municipal Planning Commission (Planning Commission). We find merit to the appeal and reverse and remand.
 {¶ 3} Berea Music is a small music store located in the City of Berea. The owner of the store filed an application to allow placement of an additional sign on the store. The application was denied by the Planning Commission. On October 17, 2001, the store owner filed a notice of appeal from the Planning Commission's denial in the Cuyahoga County Common Pleas Court. On that same date, a copy of the notice of appeal previously filed in the court of common pleas was also hand-delivered to Karen Ortiz, the secretary of the Planning Commission, who signed the document acknowledging receipt.
 {¶ 4} On December 28, 2001, defendant-appellee City of Berea (City) filed a motion to dismiss the appeal, which the store opposed. The trial court granted the City's motion, stating:
 {¶ 5} "Defendant-appellee's 12/28/01 Motion to dismiss plaintiff's administrative appeal is granted. Plaintiff-appellant failed to file a notice of appeal with the Berea Municipal Planning Commission as required by R.C. 2305.04. [SIC] See, Young Israel of Beachwood v. City of Beachwood (2000), 138 Ohio App.3d 89
and Valley Road Properties v. City of Cleveland
(2001), 141 Ohio App.3d 418."
 {¶ 6} In its sole assignment of error, the store argues that its notice of appeal was timely filed with the Planning Commission because the store delivered a copy of the notice of appeal to the secretary of the Commission.
 {¶ 7} R.C. 2505.04 provides:
 {¶ 8} "An appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
 {¶ 9} In the instant case, on October 17, 2001, the store filed a notice of appeal with the court of common pleas. It also hand-delivered a copy of the notice of appeal to the secretary of the Planning Commission who signed the notice indicating she had received it.
 {¶ 10} Based upon the precedent set forth in Dudukovich v. LorainMetropolitan Housing Authority (1979), 58 Ohio St.2d 202, we find that this sufficiently constituted a timely filing of a notice of appeal with the Planning Commission. In Dudukovich, the plaintiff appealed the decision of the Lorain Metropolitan Housing Authority (LMHA) by filing a notice of appeal with the court of common pleas, and then sending by certified mail, a copy of the notice to the LMHA. The Ohio Supreme Court held that the trial court correctly assumed jurisdiction over the matter since the copy of the notice was timely received by the agency. The Court did not require that an original be filed first with the Housing Authority in order for the trial court to have jurisdiction. The Court further defined "filed" as actual delivery, stating:
 {¶ 11} "The issue thus becomes whether Dudukovich sufficiently complied with R.C. 2505.04 by mailing a copy of the notice of appeal to LMHA. It is established that the act of depositing the notice in the mail, in itself, does not constitute a `filing,' at least where the notice is not received until after the expiration of the prescribed time limit. Fulton, Supt. of Banks v. State, ex. rel. General Motors Corp. (1936), 130 Ohio St. 494, 5 Ohio Op. 142, 200 N.E. 636. Rather, `the term "filed" * * * requires actual delivery * * *.' Id., at paragraph one of syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in Columbus v. Upper Arlington (1964), 31 Ohio Op.2d 351, 94 Ohio Law Abs. 392, 397, 201 N.E.2d 305, `any method productive of certainty of accomplishment is countenanced.' Having considered appellee's method of service, we find that simply `because the manner of delivery is unusual does not make it illegal.'" Id.
 {¶ 12} This court in BP Exploration Oil, Inc. v. ThePlanning Commission of Oakwood Village, Cuyahoga App. No. 80510, 2002-Ohio-4163, followed Dudukovich in finding that the appellant's hand-delivering a copy of the notice of appeal to the secretary of the Planning Commission constituted a filing of the appeal with the Commission as contemplated by R.C. 2505.04. Citing to McCormick v.Wellston Bd. of Zoning Adjustment (Oct. 15, 1982), 4th Dist. No. 463, this court stated:
 {¶ 13} "The Supreme Court has consistently held that the issue of service is one of due process. The purpose of service is notice, even where service within the prescribed time is jurisdictional. Dudukovich v. Lorain Metropolitan Housing Authority
(1979), 58 Ohio St.2d 202, 389 N.E.2d 1113; Akron-Canton, supra; In re Foreclosure (1980), 62 Ohio St.3d 333, 16 Ohio Op.3d 393, 405 N.E.2d 1030. We note here that these cases deal with the issue of timeliness, but the intent of the Supreme Court is clear. The issue of service is a shield to protect due process rights; it is not a sword to cut down legitimate appellants who seek redress."
 {¶ 14} The instant case is factually identical to the BPExploration case. The store timely hand-delivered a copy of the notice of appeal it filed in the court of common pleas to the Planning Commission's secretary. As we held in BP Exploration, this constituted a filing as set forth in R.C. 2505.04. The statutory language of R.C. 2505.04 does not require that the original first be filed with the agency. The hand-delivery of the copy sufficiently placed the Commission on notice that the store was appealing its decision.
 {¶ 15} We find that the other grounds argued by the City in support of its motion to dismiss also do not support a dismissal. Although the store was informed orally in August that the application was denied, it was not reduced to a written order until the minutes recording the denial were accepted on September 20, 2001. As the court held inSwafford v. Norwood Board of Education (1984), 14 Ohio App.3d 346, in determining when the time commences for filing an appeal to the common pleas court from an administrative agency decision:
 {¶ 16} "As a court speaks only through its journal, Schenley v. Kauth (1953), 160 Ohio St. 109
[51 O.O. 30], a public board, commission, or other deliberative body speaks through its minutes or its written record of resolutions, directives, and action. Cf. Grimes v. Cleveland (C.P. 1969), 17 Ohio Misc. 193, 195 [46 O.O.2d 279] (`The form of written entry of a decision of an administrative board should be the written minutes of [* * * 6] its meeting at which the decision was rendered.') Until such written record is made and approved, not only are the acts in question subject to all the vagueness and uncertainty that characterize oral pronouncements, but they lack the degree of finality necessary to form the predicate for further action or challenge." Id. at 348.
 {¶ 17} Therefore, the time for the store to file an appeal commenced when the minutes were approved on September 20, 2001.
 {¶ 18} We also do not find that a bond was required to be filed with the notice of appeal since there was no monetary judgment or award at issue. Mahoney v. Berea (1986), 33 Ohio App.3d 94, 95.
 {¶ 19} Based on the authorities of Dudukovich and BP Exploration, we find that the trial court erred in not assuming jurisdiction.[1]
 {¶ 20} The store's sole assignment of error is sustained.
 {¶ 21} Judgment is reversed and the case remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and DIANE KARPINSKI, J. CONCUR.
[1] We note that the trial court relied on recent cases from this court, Valley Road Properties v. City of Cleveland (2001),141 Ohio App.3d 418 and Young Israel of Beachwood v. City of Beachwood
(2000), 138 Ohio App.3d 89, in finding that it did not have jurisdiction over the appeal. Those cases found that the mailing of a copy of the notice of appeal filed in the court of common pleas did not constitute a "filing" of an appeal with the requisite agency as required under R.C.2505.04. Those cases, however, ignore the precedent set forth by the Ohio Supreme Court in Dudukovich, supra.