{¶ 1} This matter comes before the court on appeal from a judgment of the Ottawa County Court of Common Pleas that dismissed an administrative appeal filed by appellants, Richard A. and Phyllis Seckler. Because we find that the court erred in dismissing case No. 01-CVF-311, we reverse.
 {¶ 2} The pertinent facts are as follows. On July 3, 2001, appellee, Harbor Island Development, filed an application for preliminary plat approval with appellee, the Ottawa Regional Planning Commission ("ORPC"). The plat was for a residential subdivision identified as Nor Easter Subdivision and located at 2801 Harbor Island Causeway. On September 18, 2001, the application was reviewed and discussed by the ORPC at its monthly meeting. The ORPC agreed to table the matter until the next scheduled meeting of October 16, 2001. On October 16, 2001, the ORPC voted to approve the plat of the subdivision subject to a list of conditions. On October 17, 2001, the director of the ORPC, Walter C. Wehenkel, wrote a letter to Harbor Island Development notifying them of the Commission's decision. On November 20, 2001, the ORPC officially approved the minutes of the October 16, 2001 meeting.
 {¶ 3} Following the ORPC's approval of the plat application, two separate notices of appeal were filed with the Ottawa County Court of Common Pleas. The first notice of appeal, Case No. 01-CVF-290, was filed within 30 days of the October 17 letter from the ORPC director by appellant, Richard A. Seckler. The second notice of appeal, Case No. 01-CVF-311, was filed within 30 days of the ORPC's decision of November 20 officially approving the minutes of their October 16 meeting by appellants, Richard A. and Phyllis Seckler.
 {¶ 4} On January 30, 2002, Harbor Island Development filed a motion to dismiss Case No. 01-CVF-311 as untimely. Harbor Island Development argued that the approval of the plat application became a final order for purposes of appeal when they received the October 17, 2001 letter from Walter Wehenkel notifying them of the ORPC's decision.
 {¶ 5} On March 1, 2002, appellants, Richard A. and Phyllis Seckler, filed a motion to consolidate Case Nos. 01-CVF-290 and 01-CVF-311. Appellants argued that judicial economy would be served in that the two cases involve the same questions of law and fact and arise from the same action of the ORPC. On May 29, 2002, the court granted appellee Harbor Island Development's motion to dismiss Case No. 01-CVF-311.[1] Appellants, Richard A. and Phyllis Seckler, now appeal setting forth the following assignment of error:
 {¶ 6} "It was error for the common pleas court to dismiss appellants' appeal, as the time for filing a notice of appeal from a decision of a regional planning commission approving a subdivision plat commences to run from the date of the regional planning commission's approval of the minutes of the meeting at which it voted to approve the plat and its entry of such minutes in the journal of the commission."
 {¶ 7} Appellants contend that the trial court erred in dismissing their appeal on the basis of untimeliness. We agree.
 {¶ 8} R.C. 2506.01 states: "[E]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *" Parties have 30 days in which to perfect such appeals. R.C. 2505.07.
 {¶ 9} It is well settled that a court speaks only through its journal entry. Similarly, an administrative board speaks only through it journalized minutes. Sea Lakes, Inc. v. Lipstreu, (Sept. 18, 1992), Portage App. No. 91-P-2391. See also this court's recent decision inPopson v. Danbury Local Schools Bd. of Educ., 6th Dist. App. No. OT-02-031, 2003-Ohio-1625. "Until the written record is made and approved, the decision is subject to all the vagueness and uncertainty that characterize oral pronouncements and lacks the degree of finality necessary for appeal." Sea Lakes, supra, citing Swafford v. Norwood Bd.of Edn. (1984), 14 Ohio App.3d 346.
 {¶ 10} In our view, the letter sent to Harbor Island Development summarizing the events of the ORPC's October meeting does not meet the requirements of a final order of a public board. Consequently, appellants' notice of appeal filed in Case No. 01-CVF-290 was premature. Appellants, less than 30 days after the ORPC approved its October minutes, filed a timely notice of appeal in Case No 01-CVF-311 and the trial court erred in dismissing the case. Appellants' sole assignment of error is found well-taken.
 {¶ 11} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Ottawa County Common Pleas Court is reversed and remanded for further proceedings consistent with this decision. Costs assessed to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Arlene Singer, J. CONCUR.
[1] Case No. 01-CVF-290 is currently pending before this court. (Case no. OT-03-005).