DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Florica Jura, appeals from the judgment of the Summit County Court of Common Pleas dismissing her complaint. This Court affirms.
 I. {¶ 2} Appellant requested a variance for a side yard setback from Appellee, City of Hudson, Department of Community Development. On January 15, 2004, a hearing was held before Appellee, Board of Building and Zoning Appeals ("BBZA"). BBZA denied Appellant's request and mailed a copy of its decision to Appellant on January 23, 2004.
 {¶ 3} Subsequently, Appellant appealed to the Summit County Court of Common Pleas pursuant to R.C. 2505.03. Appellant did not send a notice of appeal to Appellees. Rather, Appellees received notice of the appeal when the trial court sent each a copy. On March 15, 2004, Appellees moved the court to dismiss Appellant's appeal on the grounds that Appellant had failed to perfect her appeal pursuant to R.C. 2505.04. On April 29, 2004, the trial court dismissed Appellant's appeal for failing to properly perfect her appeal. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The court below erred as a matter of law in dismissing appellant's administrative appeal as untimely filed and improperly perfected pursuant to R.C. § 2505.04, after finding as a matter of uncontroverted fact that the notice of appeal was timely filed with the court, and that the appellees received timely actual delivery thereof."
 {¶ 4} In her sole assignment of error, Appellant avers that the trial court erred in dismissing her appeal. Appellant contends that due to the fact that Appellees had received a copy of her notice of appeal from the trial court within thirty days of the administrative decision that she had properly perfected her appeal. This Court disagrees.
 {¶ 5} An appellate court reviews a trial court's granting of a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo. Thomasv. O'Connor (Mar. 22, 2000), 9th Dist. No. 19538. Initially, this Court notes that R.C. 2505.04 governs perfecting an administrative appeal, stating as follows:
"An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."
If the procedure set forth by R.C. 2505.04 is not followed, the trial court does not have jurisdiction to hear the appeal and must dismiss it. Helms v. Akron Health Dept., 9th Dist. No. 21735, 2004-Ohio-3408, at ¶ 11.
 {¶ 6} Appellant failed to send notice of her appeal in any fashion to Appellees. Instead, Appellant argues that service of the complaint by the trial court on Appellees is sufficient to comply with the procedures set forth in R.C. 2505.04. This Court disagrees.
 {¶ 7} In light of this Court's prior determinations regarding R.C. 2505.04, Appellant's contention lacks merit.
"The court of common pleas' service of summons upon the administrative agency, along with a copy of [Appellant's] notice of appeal that was filed in the common pleas court, is not a notice of appeal filed `with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved,' as required by R.C. 2505.04." Thrower v. Akron Dept.of Health Housing Appeals Bd., 9th Dist. No. 21061, 2002-Ohio-5943, at ¶ 19.
As such, Appellant failed to perfect her appeal pursuant to R.C. 2505.04 and the trial court properly dismissed her appeal for lack of jurisdiction. Id. at ¶ 17. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 8} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., Concur.