OPINION
{¶ 1} Appellant-appellant, Shannon Black-Dotson, appeals from the judgment of the Franklin County Court of Common Pleas dismissing her complaint. For the following reasons, we affirm.
 {¶ 2} Appellant requested a tax abatement from the Village of Obetz, Ohio for property located at 5251 Knight St., Obetz, Ohio. The Obetz Community Reinvestment Area Council (the "Council"), denied appellant's request, and on June 8, 2005, appellant filed a notice of appeal with the Franklin County Court of Common Pleas pursuant to R.C. 3735.70.[1] Appellee moved the trial court to dismiss appellant's appeal on the grounds that appellant did not comply with the requirements of R.C. Chapter 2505 pertaining to the filing of a notice of appeal from an agency decision. On January 3, 2006, the trial court granted appellee's motion to dismiss on the basis that appellant failed to properly perfect her appeal. Subsequently, appellant appealed to this court and brings the following single assignment of error for our review:
THE TRIAL COURT'S DISMISSAL OF THE APPEAL HEREIN WAS CONTRARY TO LAW.
 {¶ 3} It is axiomatic that if appellant failed to file a timely notice of appeal, the trial court was without jurisdiction to consider the same. Thus the issue before us is whether appellant properly perfected her appeal, and consequently vested the trial court with jurisdiction over this matter. R.C. 2505.04
governs perfecting an administrative appeal, and provides, in part:
An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.
 {¶ 4} In Dudukovich v. Lorain Metropolitan HousingAuthority (1979), 58 Ohio St.2d 202, the Supreme Court of Ohio, recognizing that R.C. 2505.04 has no explicit requirements, held that "[R.C. 2505.04] appears to require that written notice be filed, * * * with the agency or board from which the appeal is being taken, in order for the appeal to be perfected." Id. at 204. In Dudukovich, the appellant filed a notice of appeal with the court of common pleas, and sent a copy of the notice to the agency by certified mail. The court stated:
It is established that the act of depositing the notice in the mail, in itself, does not constitute a "filing," at least where the notice is not received until after the expiration of the prescribed time limit. Fulton, Supt. of Banks, v. State, exrel. General Motors Corp. (1936), 130 Ohio St. 494. Rather, "[t]he term `filed' * * * requires actual delivery * * *." Id.,
at paragraph one of the syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in Columbus v. Upper Arlington (1964), 94 Ohio Law Abs. 392, 397, 201 N.E.2d 305, "any method productive ofcertainty of accomplishment is countenanced." Having considered appellee's method of service, we find that simply "[b]ecause the manner of delivery is unusual does not make it illegal." Id.
Id. (Emphasis added.)
 {¶ 5} The court in Dudukovich concluded that since there was evidence in the record that the agency did receive the mailed copy of the notice of appeal and it was received within the proscribed time limits, the appellant did perfect the appeal.
 {¶ 6} In the case sub judice, the trial court found no evidence that appellant filed the notice of appeal with appellee. On June 8, 2005, appellant filed her notice of appeal with the Franklin County Court of Common Pleas, and requested that the clerk of court mail the notice of appeal to appellee. We, however, agree with the jurisdictions that have held that a clerk of court's service of a notice of appeal upon an appellee is not the filing of an appeal "with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. See, Jura v. City of Hudson, Summit App. No. 22135, 2004-Ohio-6743 (holding that the court of common pleas' service of summons upon the administrative agency, along with a copy of appellant's notice of appeal that was filed in that court is not a notice of appeal filed with an agency as required by R.C. 2505.04); Leifheit v. Board of Zoning Appealsof Palmyra Township (June 22, 2001), Ashtabula App. No. 99-P-0112 (holding that service by the clerk of courts was not the equivalent of filing the notice of appeal with the agency);Patrick Media Group, Inc. v. Cleveland Board of Zoning Appeals
(1988), 55 Ohio App.3d 124 (the 8th District held that the filing of a notice of appeal with the common pleas court in an administrative appeal with service of the notice of appeal on adverse counsel did not satisfy the requirements of R.C.2505.04); Jacobs v. Marion Civil Service Comm. (1985),27 Ohio App.3d 194 (the 3rd District held that the filing of a notice of appeal in the common pleas court with service of a copy of the notice of appeal on the Commission was insufficient to confer jurisdiction on the common pleas court). Therefore, appellant's request that the clerk of court send the notice of appeal to appellee by certified mail is of no consequence, and does not satisfy the filing requirements of R.C. 2505.04. {¶ 7}
Appellant does contend, however, that there is a certificate of service accompanying the second notice of appeal[2] filed on July 22, 2005, which indicates the same was sent to appellee via ordinary mail. According to appellant, since R.C. 2505.04
specifies no method of delivery, ordinary mail delivery may be sufficient to meet the filing requirements of said statutory provision. Appellant has not provided any case law in which a notice of appeal was sent by ordinary mail and found to satisfy the requirements of R.C. 2505.04, but rather, appellant suggests that the cases she cites implicitly recognizes that mailing via ordinary mail would be sufficient. We, however, find that the present matter contains two factual aspects that are fatal to appellant's argument. Not only do the cases relied upon by appellant not involve a delivery request via ordinary mail, but in those cases, delivery of the notices of appeal was actually accomplished. See, e.g., Dudukovich (where the court found evidence in the record that the agency did receive the copy of the notice of appeal mailed via certified mail); Smola v.Legeza, Ashtabula App. No. 2004-A-0038, 2005-Ohio-7059 (where the notice of appeal was personally delivered to the agency);Jura, supra (the court merely noted that the appellant failed to send the notice of appeal in any fashion, and passed no judgment as to what type of mailing would have been sufficient).[3] There is no evidence in the case before us that appellee actually received the notice of appeal. See,Dudukovich, supra (stating that the term "filed" requires actual delivery).
 {¶ 8} Further, even if we were to find that evidence that a notice of appeal was sent via ordinary mail was sufficient, appellant's argument still fails under the factual scenario herein. The certificate of service denotes the items were sent to the Village of Obetz, Ohio, at 1611 Chillicothe St., Columbus, Ohio 43207. This address, however, is the same address on the certified mail receipt that was returned to the clerk of court on August 11, 2005, and marked "not deliverable as addressed, unable to forward." Thus, even assuming that a certificate of service denoting that a notice of appeal has been sent via ordinary mail to an agency could constitute evidence of filing with an agency for purposes of R.C. 2505.04, we are still compelled to find that appellant did not perfect her appeal in this case because the evidence establishes that the notice of appeal was not correctly addressed, and, therefore, was not a "method productive of certainty of accomplishment." Dudukovich, supra.
 {¶ 9} Because appellant failed to file her notice of appeal with appellee, appellant failed to perfect her appeal pursuant to R.C. 2505.04, and the trial court properly dismissed her appeal for lack of jurisdiction. Consequently, appellant's single assignment of error is overruled.
 {¶ 10} For the foregoing reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and Brown, J., concur.
[1] A notice of appeal was also filed with the Tenth District Court of Appeals, and this court issued an order for the clerk to return the matter to the clerk of the trial court for proper docketing in that court.
[2] The second notice of appeal reflected the erroneous filing of the notice of appeal in the Tenth District Court of Appeals.
[3] The two remaining cases cited by appellant, Apostolonskiv. Sharp, Franklin App. No. 04AP-1105, 2005-Ohio-2559, andSampson Sales, Inc. v. Honeywell (1981), 66 Ohio St.2d 290, do not concern administrative appeals, but rather, complaints alleging civil liability, i.e., actions based in torts and contracts.